Lonnie D. Giamela (SBN 228435)
E-Mail: lgiamela@fisherphillips.com
J. Misa Keelan (SBN 322129)
E-Mail: mkeelan@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
ASHLEY DISTRIBUTION SERVICES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SALAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY DISTRIBUTION SERVICES, LLC, a Florida Limited Liability Company, and DOES 1 through 100, inclusive,<br><br>Defendant. | CASE NO.:<br><br>*[Removed from San Bernardino Superior Court Case No. CIVSB2534700]*<br><br>**DEFENDANT ASHLEY DISTRIBUTION SERVICES, LLC'S NOTICE AND PETITION OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet; Corporate Disclosure; Notice of Interested Parties; Notice of Related Case; Declaration of David Keck; Declaration of Crystal Woychik; and Declaration of J. Misa Keelan]*<br><br>Complaint Filed: December 15, 2025<br>Trial Date:        [None Set] |

DEFENDANT'S NOTICE AND PETITION OF REMOVAL

FP 61341600.1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND ALL PARTIES OF RECORD AND THEIR COUNSEL:**

**PLEASE TAKE NOTICE THAT** Defendant ASHLEY DISTRIBUTION SERVICES, LLC ("Ashley") hereby respectfully removes this action filed by Plaintiff DAVID SALAS ("Plaintiff") from the Superior Court of the State of California for the County of San Bernardino, Case No. CIVSB2534700, to the United States District Court for the Central District of California. This District Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1332(A), 1441, and 1446.  The grounds for removal are as follows:

**I.      STATEMENT OF JURISDICTION**

1.  This matter is a civil action over which this District Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, as set forth below. See 28 U.S.C. §§ 1332, 1441(b).

**II.     VENUE**

2.  This action was filed in the California Superior Court for the County of San Bernardino. Thus, venue properly lies in the United States District Court for the Central District of California. See 28 U.S.C. §§ 84(c), 1391, and 1441.

**II.     PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

3.  On December 15, 2025, Plaintiff David Salas ("Plaintiff") filed a civil action in the San Bernardino County Superior Court entitled *David Salas v. Ashley Distribution Services, LLC, and Does 1 through 100, inclusive,* Case No. CIVSB2534700 ("State Lawsuit"). See Declaration of J. Misa Keelan ("Keelan Decl."), ¶3, **Exhibit A.**

4.  On December 23, 2025, Plaintiff served Defendant via personal service with the Summons, Complaint, Alternative Dispute Resolution Package, Civil Case Cover Sheet,

DEFENDANT'S NOTICE AND PETITION OF REMOVAL

FP 61341600.1

Certificate of Assignment, and Notice of Posting Jury Fee Deposit. Keelan Decl., ¶4, **Exhibit B**. Plaintiff's unverified complaint alleges thirteen (13) causes of action for: (1) Discrimination on the Basis of Disability and/or Medical Condition; (2) Failure to Accommodate Disability/Medical Condition; (3) Failure of Employer to Engage in Good Faith Interactive Process to Determine Effective Reasonable Accommodations; (4) Failure to Take All Steps Necessary to Stop Discrimination From Occurring; (5) Retaliation; (6) Whistleblower Retaliation in Violation of Cal. Labor Code § 1102.5; (7) Retaliation in Violation of Whistleblower Statutes Labor Code §§ 610 & 6311; (8) Wrongful Termination; (9) Intentional Infliction of Emotional Distress; (10) Failure to Pay Meal Period Compensation; (11) Failure to Compensate for All Hours Worked, Including Overtime; (12) Failure to Pay Wages Due Upon Separation; and (13) Failure to Maintain Accurate Itemized Wage Statements & Violation of Recordkeeping Requirements. Keelan Decl., ¶3, **Exhibit A**.

5. Defendant filed its Answer and Affirmative Defenses to Plaintiff's unverified complaint on January 21, 2026. Keelan Decl., ¶5, **Exhibit C**.

6. As of the date of this Notice of Removal, no other processes, pleadings, and/or orders have been served upon Defendant in the State Lawsuit. Keelan Decl., ¶6.

7. This Notice of Removal is timely filed because it is filed within thirty (30) days of service of the initial pleading setting forth the claim for relief upon which the State Lawsuit is based. *See* 28 U.S.C. § 1446(b)(3); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (11th Cir. 1999). In addition, this Notice of Removal has been filed within one year of commencement of the State Lawsuit as required by 28 U.S.C. § 1446(b). Therefore, this Notice of Removal has been timely filed.

## III. GROUNDS FOR REMOVAL

### A. Complete Diversity of Citizenship Exists Between Plaintiff and Defendants.

#### i. Citizenship of Plaintiff.

8. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. 28 U.S.C. § 1332 (a)(1); *see also Kanotor v. Wellesley Galleries, Ltd*., 704 F.2d 1088 (9th

FP 61341600.1

Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). Residence is prima facie evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011). In fact, it is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

9. In his Complaint, Plaintiff alleges that "[a]t all times herein mentioned, Plaintiff is and was a resident of Los Angeles County, State of California." *See* Keelan Decl., ¶3, **Exhibit A**, Complaint at ¶4. Nothing in the Complaint or other pleadings suggest otherwise. Accordingly, Plaintiff is domiciled in and is a citizen of the State of California.

### ii. Citizenship of Defendant Ashley Distribution Services, LLC

10. At the time of the filing of this action, Ashley Distribution Services, LLC was and continues to be a limited liability company. *See* Declaration of David Keck (" Keck Decl.), ¶3, **Exhibit E**.

11. For diversity purposes, in determining the citizenship of a limited liability company, courts look to the citizenship of each owner/member of the company. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456–57 (1900)). *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 n. 2 (9th Cir. 2002).

12. At the time of the filing of this action, and at the time of filing this Notice of Removal, Defendant was a limited liability company organized in the State of Florida with its principal place of business in Florida. *See* Keck Decl., ¶¶ 3-4,. All major corporate functions and positions are located in Tampa, Florida. *Id*.

13. Moreover, at the time this action and this Notice of Removal was filed, Defendant was and is a wholly owned subsidiary of Ashley Distribution Services Holdings, Inc. which

FP 61341600.1

was (and is) incorporated in Florida and has its principal place of business in Florida. Keck Decl., ¶3.

14. Accordingly, because Defendant's sole owner is a citizen of the State of Florida, Defendant is similarly a citizen of the State of Florida. As such, diversity of citizenship exists between Plaintiff and Defendant.

### iii. Citizenship of Doe Defendants.

15. The Complaint also names as Defendants DOES 1 through 100 ("Doe Defendants"). The alleged Doe Defendants named in the Complaint are not considered in assessing diversity. *See, e.g., Newcombe v. Adolf Coors Co*. 157 F.3d 686, 690–91 (9th Cir. 1998) ("28 U.S.C. §1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants."). Accordingly, the citizenship of the alleged Doe Defendants does not impact the diversity analysis for removal.

16. Because Plaintiff is a citizen of California and Defendant is not a citizen of California, complete diversity of citizenship exists in this matter.

## B. The Amount in Controversy Requirement is Satisfied.

17. Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

18. The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome. In fact, when seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See, e.g., Saulic v. Symantec Corp.*,

FP 61341600.1

No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014).

19. Where, as here, a complaint does not state the amount in controversy, Defendant needs only to establish by a preponderance of evidence that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). "The amount in controversy may include damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)). "In assessing the amount in controversy, [the Court] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 416.

20. While Defendant adamantly denies Plaintiff's allegations, denies any liability, and denies Plaintiff has suffered any damages, based upon the allegations contained in the Complaint, the amount of controversy in this action exceeds $75,000, exclusive of interest and costs. For purposes of determining the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Moreover, the amount in controversy can be determined from the complaint or from other sources, including statements made in the notice of removal. *See Kanter, supra*, 265 F.3d at 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 & n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy.

DEFENDANT'S NOTICE AND PETITION OF REMOVAL

FP 61341600.1

21. In the instant case, Plaintiff alleges nine (9) causes of action seeking recovery of lost salary and benefits, emotional distress damages; general damages; special damages; loss of earnings; restitution; injunctive relief; interest, attorneys' fees and costs; and statutory and civil penalties.  Keelan Decl., ¶ 3, **Exhibit A**,  Prayer ¶¶ 1-5, 7-8.

22. Defendant employed Plaintiff as a Driver beginning on or about June 3, 2021 and was paid $.260 per mile.  Declaration of Crystal Woychik ("Woychik Decl.") ¶3. A review of Plaintiff's W-2's during his employment indicate he earned $96,943.04 in 2022, $99,280.88 in 2023, and $95,547.99 in 2024.[1] Woychik Decl. ¶4.

23. Plaintiff's employment with Defendant was terminated on January 17, 2025. Woychik Decl. ¶3.

24. Plaintiff asserts that as a result of his allegedly wrongful termination, he has suffered actual, consequential and incidental financial losses, including loss of salary and benefits, as well as intangible loss of damage to his professional reputation. *See id.,* ¶ 3, **Exhibit A**, Compl. at ¶¶45, 59, 64, 72, 81, 94, and 99.

25. Plaintiff further asserts that he has suffered and continues to suffer emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. *See id.,* ¶ 3, **Exhibit A**, Compl. at  ¶¶ 46, 54, 60, 65, 72, 81, 94, and 99.

26. Plaintiff accuses Defendant of carrying out actions against Plaintiff in a despicable oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff. *See id.,* ¶ 3, **Exhibit A**, Compl. at ¶¶ 47, 55, 66, 73, 100, and 110.

27. In the first, second, third, fifth, tenth, eleventh, and twelfth causes of action, Plaintiff seeks attorneys' fees and costs *See id.*, ¶ 3, **Exhibit A**, Compl. at ¶¶ 48, 56, 61, 74, 103, 112, and 118; Prayer for Relief.

28. As discussed above, Plaintiff's employment was terminated on January 17, 2025. Woychik Decl., ¶ 3. Between the date of his separation and the date of this Notice of Removal, approximately 53 weeks have passed. Accordingly, Plaintiff's backpay is

[1] This is an average of $97,257.30 per year or $1,870.33 per week.

DEFENDANT'S NOTICE AND PETITION OF REMOVAL

FP 61341600.1

$99,127.49 (calculated as $1,870.33 weekly salary over 53 weeks), as of the date of this Notice of Removal. *See id.* ¶4. However, Plaintiff seeks lost wages from the date of his separation through trial. It is also likely that trial will not be set for at least a year after the filing of this Notice of Removal (that is, approximately 105 weeks after Plaintiff's employment termination) —at which point, Plaintiff's amount in back pay claim will be approximately **$196,384.65** (calculated as $1,870.33 weekly salary over 105 weeks).[2] *See id.* California District Courts have expressly held that, for purposes of calculating the amount in controversy in employment cases, one year is a "very conservative" estimate of the time period between removal and trial. *See Barajas v. Wells Fargo Bank, N.A.,* No. EDCV 21-00844 JAK (SPx), 2022 WL 819928, at *4 (C.D. Cal. Mar. 18, 2022). Thus, Plaintiff's claim for lost wages alone satisfies the amount in controversy requirement. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (plaintiff's lost wages are included in amount in controversy); *Browand v. Ericsson Inc.*, No. 18-CV-02380-EMC, 2018 WL 3646445, at *5 (N.D. Cal. Aug. 1, 2018) (defendants' calculation that plaintiff would be owed more than $75,000 in backpay if she was wrongfully terminated sufficient to establish amount in controversy); *Tukay v. United Cont'l Holdings, Inc.*, No. 14-CV-04343-JST, 2014 WL 7275310, at *2 (N.D. Cal. Dec. 22, 2014) (defendant's reasonable calculation that plaintiff's backpay exceeds $75,000 sufficient to establish the amount in controversy).

29. Plaintiff's potential front pay damages are also considered in establishing the amount in controversy. *See Chavez*, 888 F.3d at 417–18 (where "a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy."). Such damages can include pay for multiple years of employment. *See, e.g.*, *Rabago-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (4 years' pay deemed reasonable as "front pay" damages). Notably,

---

[2] Defendant does not concede that Plaintiff has stated a claim on which relief can be granted, that he suffered any damages, or that Defendant is responsible for any damages he may have suffered. In fact, Defendant denies all of these allegations and contends that Plaintiff's claims are meritless, and he is not entitled to any damages. Defendant reserves all defenses, including but not limited to defenses relating to failure to mitigate, legitimate business reasons for termination, and the after acquired evidence defense.

DEFENDANT'S NOTICE AND PETITION OF REMOVAL

FP 61341600.1

here, Plaintiff could in theory seek front pay damages for multiple years. Based on Plaintiff's estimated weekly pay rate of $1,870.33, as discussed above, the following table is instructive for Plaintiff's putative front pay award: [3]

| Six Months Front Pay | One Year Front Pay | Two Years Front Pay | Three Years Front Pay |
|---|---|---|---|
| $48,628.58 | $97,257.16 | $194,514.32 | $291,771.48 |

Thus, taken together, if Plaintiff is awarded just six (6) months of front pay and his alleged backpay, Plaintiff's claim for lost wages alone exceeds the threshold amount in controversy for diversity jurisdiction.[4]

30. Plaintiff's allegations of emotional distress damages should also be considered when assessing the amount in controversy. *See Kroske*, 432 F.3d at 980; *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). As part of his first through ninth causes of action, Plaintiff alleges Defendants have caused him emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. *See id.,* ¶ 3, **Exhibit A**, Compl. at ¶¶ 46, 54, 60, 65, 72, 81, 94, and 99. The fact that Plaintiff's request for emotional distress damages is vague has no bearing; "[t]he vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude [the] Court from noting that these damages are potentially substantial." *Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 450 (S.D. Cal. 1995) (emotional distress damages "potentially substantial" even though certain amount not alleged); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002) (finding that "emotional distress damages in a successful employment discrimination case may be substantial"). Instead, California courts look to similar jury verdicts to determine whether plaintiff's claims can satisfy the amount in controversy requirement. *Downs v. Adidas Am.*, No. 22-2690, 2022 WL 2116340, at *4 (C.D. Cal. June 13, 2022).

---

[3] *See Huck v. Kone, Inc*., No. C 10-1845 RS, 2011 WL 31108, at *4 (N.D. Cal. Jan. 5, 2011) (finding that a calculation of front pay damages based on a thirteen-year front pay award was acceptable for assessing amount in controversy).
[4] Defendant does not concede that Plaintiff is entitled to front pay damages.

DEFENDANT'S NOTICE AND PETITION OF REMOVAL

FP 61341600.1

31. To that end, employment cases alleging similar emotional distress injuries have resulted in verdicts that well exceed the diversity jurisdiction threshold of $75,000. *See Velez v. Roche*, 335 F. Supp. 2d 1022, 1037 (N.D. Cal. 2004) ($300,000 emotional distress award where plaintiff suffered depression and other mental anguish following discrimination, even where plaintiff did not formally consult a doctor, did not take any medication for her condition, and continued to work); *Zanone v. City of Whittier*, 162 Cal. App. 4th 174, 183, 185 (2008) (affirming emotional distress award of $660,000 on plaintiff's FEHA discrimination and retaliation claims where plaintiff suffered "stress, anxiety and depression"); *Iwekaogwu v. City of Los Angeles*, 75 Cal. App. 4th 803, 821 (1999) (affirming award of more than $450,000 for emotional distress for FEHA discrimination claims where plaintiff suffered "nightmares, loss of appetite, and loss of interest in ordinary activities"); *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 410 (1994) (affirming award of more than $110,000 in emotional distress damages in employment discrimination case where plaintiff was diagnosed with anxiety); *Lave v Charter Commc'ns, LLC*, No. RIC 1508865, 2017 WL 2901375, at *3 (Cal. Super. Ct. June 07, 2017) (verdict awarding $575,000 in emotional distress damages where FEHA and IIED plaintiff experienced depression, insomnia, irritability, and anxiety); see also *Glenn-Davis v. City of Oakland*, No. C 02- 02257SI, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5, 2007) (reducing $1.85 million emotional distress award to $400,000 for "garden variety" emotional distress stemming from plaintiff's discrimination claims).

32. Therefore, it is not only reasonable, but likely to assume that Plaintiff's claims for non-economic and emotional distress damages alone, are sufficient to satisfy the amount in controversy requirement. This is true even in cases where the underlying economic damages are not as significant. *Simpson v. Off. Depot, Inc.*, No. CV 10-02512 DMG (EX), 2010 WL 11597950, at *3 (C.D. Cal. June 21, 2010) (denying motion to remand in FEHA action finding that "[e]motional distress awards in California for wrongful termination in violation of public policy and discrimination under [FEHA]…can be large relative to the underlying economic damages."; collecting cases in which emotional distress verdicts

FP 61341600.1

exceeded 200% of economic damages). Here, even applying a conservative ratio of 1:1 (emotional distress to economic damages) to Plaintiff's economic damages would place the amount in controversy over the threshold at **$198,254.98**.  Accordingly, Plaintiff's claim for emotional distress injuries establishes the amount in controversy.

33. Plaintiff's claim for punitive damages can also be considered when assessing the amount in controversy.[5] Employment cases in California have resulted in punitive damages awards exceeding $75,000. *See Pande v. ChevronTexaco Corp.*, No. C-04-05107 JCS, 2008 WL 906507, at *1 (N.D. Cal. Apr. 1, 2008) (plaintiff awarded $2.5 million in punitive damages on CFRA, FEHA, and related violation of public policy under California law claims); *Alvarado v. Fed. Express Corp.*, No. C 04-0098 SI, 2008 WL 744824, at *5 (N.D. Cal. Mar. 18, 2008) (upholding $300,000 punitive damages award in discrimination case); *Harvey v. Sybase, Inc.*, 76 Cal. Rptr. 3d 54, 62, 73 (Cal. Ct. App. 2008) (reinstating $500,000 punitive damages award on plaintiff's FEHA discrimination claims); *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1137 (1998) (affirming $3.5 million punitive damages award against employer in FEHA discrimination case); *Hunio v. Tishman Const. Corp. of Cal.*, 18 Cal. Rptr. 2d 253, 257, 266 (Cal. Ct. App. 1993) (finding award of $1 million in punitive damages on discriminatory constructive discharge cause of action was "certainly within permissible limits"). Accordingly, Plaintiff's punitive damages claim establishes the amount in controversy. *See Rodriguez*, 2016 WL 3902838, at *6 (claim for punitive damages in employment discrimination and retaliation case established amount in controversy because punitive damage awards in similar cases have exceeded jurisdictional threshold). Here, applying a conservative punitive damages award ratio of 2:1 would double the amounts in controversy stated in above for Plaintiff's emotional distress damages.

34. Plaintiff also seeks to recover an unspecified amount in attorneys' fees related to all causes of action.  Keelan Decl., ¶ 3, **Exhibit A**,  Prayer ¶ 8.  In the language of another

---

[5] Defendant strongly denies that Plaintiff would be entitled to any punitive damages and plan to move to summarily dismiss any such claim for damages.  Notably, Defendant denies any and all allegations in Plaintiff's Complaint and deny any wrongdoing.

DEFENDANT'S NOTICE AND PETITION OF REMOVAL

FP 61341600.1

court, "[w]hen attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible." *Parker-Williams, supra*, 53 F.Supp.3d at p. 153. This conclusion is only further supported by the fact that in the Ninth Circuit, district courts have the discretion to calculate fee awards using either the lodestar method or the "percentage-of-the-fund" method. *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) (citations omitted). As such, even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult to believe that the amount in controversy [] could be lower than $75,000 when the [attorneys'] fees are factored in along with" other available damages. *Parker-Williams, supra*, 53 F.Supp.3d at p. 152. Courts include attorneys' fees accrued through trial when determining the amount in controversy. *Baker v. Tech Data Corp.*, No. 5:21-cv-02096-JWH (SPx), 2022 WL 1080944, at *2 (C.D. Cal. Apr. 11, 2022). Estimates for the time expended through trial for a *single plaintiff* employment case in the Central District range from 100 to 300 hours. *See Baker*, 2022 WL 1080944, at *2 (denying motion to remand based solely on reasonable estimate of $100,000 in attorneys' fees). Applying even a conservative estimate of 100 hours through trial based on a reasonable hourly rate of $400, Plaintiff's attorneys' fees would amount to an additional $40,000 on top of all other amounts discussed above.

35. Based on the foregoing, almost all of Plaintiff's distinct claims for damages independently establish that the amount in controversy in this case exceeds $75,000, and in the aggregate demonstrate that the amount is well above the jurisdictional threshold.

36. In sum, the evidence in the Complaint itself is sufficient to establish that Plaintiff has placed in controversy an amount exceeding the jurisdictional minimum amount of $75,000.00, exclusive of costs and interest. Accordingly, the State Lawsuit may be removed to the United States District Court for the Central District of California because, at the time this action was filed and at the present time, diversity jurisdiction exists.

///

///

DEFENDANT'S NOTICE AND PETITION OF REMOVAL

FP 61341600.1

## IV.    PROCEDURAL PREREQUISITES

37. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Central District of California is the appropriate court to which to remove this action from the Los Angeles County Superior Court, where the action was filed.

38. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of San Bernardino and served upon Plaintiff's counsel of record. (Keelan Decl. ¶ 7, **Exhibit D).**

39. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the Central District of California.

40. This notice is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

41. In filing this notice, Defendant does not waive any defenses.

## V.    CONCLUSION

Based on the foregoing, Defendant Ashley prays that the above-described action pending in the Superior Court of California, County of San Bernardino be removed to the United States District Court for the Central District of California.


Dated: January 22, 2026                    FISHER & PHILLIPS LLP


By:*/s/ J. Misa Keelan*
Lonnie D. Giamela
J. Misa Keelan
Attorneys for Defendant
ASHLEY DISTRIBUTION SERVICES, LLC

DEFENDANT'S NOTICE AND PETITION OF REMOVAL

FP 61341600.1

# CERTIFICATE OF SERVICE

I, the undersigned, am over the age of 18 years and not a party to this action. I am employed in the County of Los Angeles with the law offices of Fisher & Phillips LLP and its business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On January 22, 2026, I served the following document(s) **DEFENDANT ASHLEY DISTRIBUTION SERVICES, LLC'S NOTICE AND PETITION OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446** on the person(s) listed below as follows:

Nazo Koulloukian, Esq.
Amir M. Mahdavi-Pour, Esq.
Naeiri Youssefian, Esq.
**KOUL LAW FIRM**
217 South Kenwood St.
Glendale, California 91205

*Attorneys for Plaintiff, David Salas*

Tel:      (213) 325-3032
Email:   nazo@koullaw.com
amir@koullaw.com
naeiri@koullaw.com
lily@koullaw.com
nadia@koullaw.com
lusin@koullaw.com

☒    **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒    **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above. My electronic service address is astark@fisherphillips.com.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 22, 2026, at Los Angeles, California.


*/s/ Amy Stark*
_____
Amy Stark

FP 61341600.1